UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS FRANCISCO LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>V. SHULTZ, et al.,<br><br>    Defendants. | 1:16-cv-00038-DAD-GSA-PC<br><br>ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE UNDER RULE 41<br>(Doc. No. 18.)<br><br>ORDER VACATING SERVICE ORDER ISSUED ON MAY 24, 2017<br>(Doc. No. 17.)<br><br>ORDER DIRECTING CLERK TO CLOSE FILE AND SERVE THIS ORDER ON THE UNITED STATES MARSHAL |

    Carlos Francisco Lopez ("plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with plaintiff's original complaint filed on January 12, 2016, against defendant V. Shultz (Library Technical Assistant, CCI) for failure to protect, defendants V. Shultz and Doe #6 (Nurse, CCI) for inadequate medical care, and defendants J. Zanchi (Associate Governmental Program Analyst, CCI) and Doe #5 (Sergeant, CCI) for retaliation. (Doc. No. 1.) None of the defendants have appeared.

    On June 19, 2017, plaintiff filed a notice of voluntary dismissal of this case, with prejudice, under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. No. 18.)

///

///

1

In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). In the present case, no defendant has filed an answer or motion for summary judgment. Therefore, plaintiff's notice of dismissal is effective, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;

2. This action is DISMISSED in its entirety with prejudice;

3. The court's order issued on May 24, 2017, which directed the United States Marshal to serve process in this case, is VACATED; and

4. The Clerk of the Court is DIRECTED to:

    a. Close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a); and

    b. Serve this order on the United States Marshal in Sacramento.

IT IS SO ORDERED.

Dated: **June 28, 2017**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE